**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHER DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHELE TAYLOR** | § | **CAUSE NO. 4:13-cv-02708** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **TEXAS SOUTHERN UNIVERSITY** | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

The Plaintiff, MICHELE TAYLOR, by and through her attorney, LaShawn A. Williams, complains of the Defendant TEXAS SOUTHERN UNIVERSITY (hereinafter "TSU"), and for causes of action against it, and would show the Court as follows:

**NATURE OF ACTION AND RELIEF SOUGHT**

1.  Plaintiff demands a jury for any and all issues triable to a jury. This action seeks compensatory, back and front pay, punitive, liquidated and actual damages, declaratory and injunctive relief, any lawful interest, and attorney's fees, costs and expenses due to TSU's unlawful discrimination and retaliation against Plaintiff, as well as its pervasive and discriminatory employment policies, practices and/or procedures.   This is also an action for declaratory judgment pursuant to 28 U.S.C. §2201 to declare the rights and other legal relations between the parties.   The Plaintiff is also seeking equitable and injunctive relief.

2.   Plaintiff alleges a continuing series of unlawful acts, including but not limited to:   (1) gender and sex based discrimination; (2) hostile work environment; and (3) retaliation for complaining of discrimination and hostile work environment.

## JURISDICTION AND VENUE

3.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343.

4.   Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff, at all times while an employee of Defendants resided in this judicial district.

## PARTIES

5.   Plaintiff is an African American female who resides in Houston, Texas, Harris County. At all times relevant hereto, Plaintiff was and is presently employed by TSU.

6.   TSU is a public institution of higher education located in Houston, Texas, and is the recipient of federal funding. TSU may be served with citation by serving the Office of its General Counsel, 3100 Cleburne Street, Hannah Hall Building, Room 310, Houston, Texas 77004.

7.   At all times relevant hereto, Defendant acted, or failed to act, by and through its employees, agents, workmen, and supervisors.   At all times relevant hereto, the Defendant was an employer.

8.   At all times material hereto, Defendant acted or failed to act through its authorized agents, servants, workmen and employees who were at all times then and there acting within the course and scope of their authority and employment.

9.    The acts and failures to act complained of herein were allowed and only occurred because Defendant, as a matter of custom, policy and/or practice intentionally and deliberately failed to adequately train, supervise, discipline, or otherwise direct its management and supervisors concerning employment discrimination, and as a further matter of custom, policy and/or practice intentionally and deliberately failed to put in place, implement and/or establish management policies and procedures that would impact fairly upon all its employees, regardless of their gender or race, thereby causing, encouraging, fostering and fomenting the Defendant to engage in the unlawful and illegal conduct described herein.

## ADMINISTRATIVE PROCEDURES

10.   Plaintiff filed charges of discrimination against the Defendant with the Houston District Office of the Equal Employment Opportunity Commission, Charge No. 460-2013-02129.   (Exhibit A).

11.   Plaintiff received via Certified Mail from the U.S. Department of Justice a Notice of Right to Sue within 90 Days dated June 17, 2013.   (Exhibit B).

## SPOLIATION

12.   Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including business agreements, statements, photographs, videotapes, audiotapes, recordings, business records, financial records, bills, estimates, invoices, checks, measurements, equipment, correspondence, memoranda, files, facsimiles, email, voice mail, text messages, and any electronic image, digital data, or information related to the referenced incident and allegations

herein.   Failure to maintain such items will constitute "spoliation" of the evidence.

## FACTUAL ALLEGATIONS

13.   Plaintiff began her employment with TSU as a student worker in the law library from 1974 to 1978 while earning a Bachelor of Science degree in Business Education at TSU. She then earned a Master of Science degree in Business Management from Colorado State.

14.   In December of 1980 Plaintiff returned to TSU and began her career with the Graduate School as an administrative assistant.

15.   Plaintiff has dedicated her professional career to TSU and has maintained employment in the Graduate School for over thirty-two (32) years.

16.   In 2000 the Plaintiff earned a Doctor of Education degree with a focus on higher education and administration.   She was promoted to assistant dean soon thereafter.

17.   In 2004 there was an overhaul of the administration in the Graduate School office and all of the staff was removed or transitioned out of the office, except Plaintiff.   Plaintiff was told she would remain in the department "to keep the graduate school running."

18.   For approximately three years Plaintiff performed, nearly single-handedly, the job function, duties and responsibilities of not only the assistant dean, but of an associate dean and others in the department without promotion or increase in compensation.

19.   After Plaintiff complained about the gender inequity and the inadequacy of her compensation for the job performed, Plaintiff was given an increase in 2007; however, she was denied the increase retroactively.

20.   Moreover, the increase did not cause her compensation to be commensurate with her

title, duties, or responsibilities; nor did the increase make her compensation commensurate with male staff or others with similarly situated.

21.   Plaintiff continues to work as an assistant dean in the Graduate School office.

22.   After thirteen (13) years in that position in the Graduate School, Plaintiff earns approximately $69,000.00 annually.

23.   Plaintiff's character of work has been satisfactory at all times relevant hereto.

24.   In August of 2012 Plaintiff complained of unequal salary to Dean Gregory H. Maddox (white male).   She also complained that she was performing the duties of and held the responsibilities of an associate dean. Dean Maddox did not respond to her complaints.

25.   In September of 2012 Plaintiff complained to Dean Maddox about a negative and marginal 2011 performance evaluation that had not been disclosed to her and which consequently violated University policy.

26.   She was promised a meeting with Maddox that he failed to conduct.   She was never given an explanation for why the 2011 performance evaluation was submitted without her review or knowledge.

27.   Also in September of 2012 Plaintiff wrote a letter to the Human Resources Department complaining of harassment and hostility in the workplace. In her complaint letter she described the growing hostility displayed by her supervisor, Dean Maddox and his unjustified threats to fire her.   She described a reprimand that was issued for a commencement program error that clearly was not Plaintiff's fault.   The same disciplinary action reprimanded Plaintiff for handling student issues pursuant to policy and procedure.

28.   Plaintiff attached to her letter the Defendant's policy that prohibits retaliation.   The

Human Resources Department did not respond to the letter.

29. In February of 2013, Plaintiff reached out again to the Human Resources via email asking about the status of the review of her complaint.   Once again TSU failed to respond.

30. In an act of blatant retaliation for the aforementioned complaints, Plaintiff was given a written reprimand in March of 2013 that was unfounded and baseless. In a written response to the reprimand Plaintiff sought particulars concerning the written reprimand to no avail.

31. At all times relevant hereto, Defendant acted intentionally, deliberately, maliciously and with willful disregard for the Plaintiff's rights to be free from retaliation, discrimination and harassment.

32. At all times relevant hereto, Defendant did not act in good faith, but rather with knowledge that its actions violated laws prohibiting discrimination and ensuring equal pay.

33. The acts and failures to act of Defendant, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff, with respect to the terms and conditions of her employment because of her race and in retaliation for complaining of a hostile work environment.

34. The acts and failures to act of Defendant, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff, with respect to the terms and conditions of her employment because of her gender.

6

35.     The acts and failures to act of Defendant by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they tended to limit, segregate and classify the Plaintiff in such a way as to deprive the Plaintiff of employment opportunities, or otherwise affect her status as an employee employment because of her race and gender.

36.     The acts and failures to act of Defendant, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff, with respect to the terms and conditions of her employment because Plaintiff was treated less favorable or more harshly than non-black employees similarly situated to her.

37.     The acts and failures to act of Defendant, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff, with respect to the terms and conditions of her employment because Plaintiff was treated less favorable or more harshly than male employees similarly situated to her.

38.     At all times material hereto, Defendant acted or failed to act through its authorized agents, servants, workmen and employees who were at all times then and there acting within the course and scope of their authority and employment.

39.     The acts and failures to act of Defendant constituted unlawful employment activities which caused Plaintiff great harm, humiliation, and injury.

## **ATTORNEY'S FEES**

40.     Defendants' action and conduct as described herein has required that Plaintiff retain the

legal services of the L.A. WILLIAMS LAW FIRM, P.C., 1776 Yorktown, Suite 600, Houston, Texas 77056. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

41.     Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court order the award of actual and compensatory damages, lost benefits, front pay, back wages, damages for mental anguish, and liquidated damages, and exemplary damages to be determined by the trier of fact.   Plaintiff also prays for pre-judgment and post-judgment interest as well as costs and attorney's fees in this action; and such other relief to which Plaintiff is entitled.

Respectfully Submitted,


*/s/LaShawn A. Williams*
LASHAWN A. WILLIAMS
L.A. Williams Law Firm, P.C.
1776 Yorktown, Suite 600
Houston, Texas 77056
State Bar No. 023379
Telephone: (713) 701-9155
Facsimile: (855) 418-5391
lwilliams@lawilliamslegal.com